1

2

3

4

5

6

7

8

9

10   **UNITED STATES DISTRICT COURT**

11   **SOUTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  MONICA RAEL, on behalf of herself and others similarly situated, | Case No. 16-cv-369-BAS(JMA) |
| 14                                                      Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |
| 15       v. | |
| 16  NEW YORK & COMPANY, INC., *et al.*, | **[ECF No. 13]** |
| 17                                                     Defendants. | |

18

19

20          Plaintiff Monica Rael brings this case pursuant to the Class Action Fairness

21   Act, 28 U.S.C. §1332(d)(2), asserting four causes of action for violations of: (1)

22   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et*

23   *seq.*; (2) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §

24   17500 *et seq.*; (3) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ.

25   Code § 1750 *et seq.*; and (4) Forty-one different consumer-protection laws on behalf

26   of classes in states with similar laws. Defendants New York & Company Stores, Inc.

27   and New York & Company, Inc. now move to dismiss the Second Amended

28   Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6),

1  and 9. (ECF No. 13.) Alternatively, Defendants move to strike the fourth cause of
2  action. (*Id.*)

3      The Court finds this motion suitable for determination on the papers submitted
4  and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the
5  reasons discussed below, the Court **GRANTS** the motion to dismiss for lack of
6  particularity and **GRANTS** the motion with respect to the Fourth Cause of Action
7  and injunctive relief for lack of standing, and finds the motion to strike is, therefore,
8  moot. Because Plaintiff may be able to allege sufficient facts, the Court **GRANTS**
9  Plaintiff leave to amend the First, Second, and Third Causes of Action only.

10
11  **I.      BACKGROUND**

12      Plaintiff is a resident of San Diego, California. (SAC ¶ 10.) Defendants sell
13  clothing and accessories via New York & Company ("NY&C") retail stores, outlet
14  stores, and an online store throughout the United States, including California. (*Id.* ¶
15  13.) This case concerns allegations that Defendants engaged and continue to engage
16  in false discount pricing, commonly known as phantom markdowns, throughout their
17  retail and outlet stores. (*Id.* ¶ 1.)

18      In her original complaint, Plaintiff claims to have bought "a pair of women's
19  pants" for $16.17[1] from an NY&C store, referring to the store first as a retail store,
20  and later as an outlet store. (Compl. ¶¶ 10, 15.) In Plaintiff's First Amended
21  Complaint ("FAC"), she claimed to have instead purchased "a pair of women's
22  shoes" for $16.17 at an NY&C store, again referring to the store first as a retail store,
23  and later as an outlet store. (FAC ¶¶ 10, 15.) In Plaintiff's SAC, she maintains her
24  amended assertion that she bought a pair of shoes, specifically, Jute Espadrille
25  Wedges, for $16.17. (SAC ¶¶ 10 n.1, 15.) Additionally, Plaintiff clarifies the previous

26
27      [1] Plaintiff states that she purchased the product from Defendants for both $14.98 and $16.17
28  in all three of her complaints. (Compl. ¶¶ 15-16; FAC ¶¶ 15-16; SAC ¶¶ 15-16.) The Court assumes
    that the $14.98 price is the price before sales tax and the $16.17 is the price Plaintiff actually paid,
    although she does not clarify this discrepancy in any of her complaints.

inconsistencies in her SAC by stating that she "went shopping at an outlet mall" but purchased the shoes at an NY&C retail store. (SAC ¶ 15.) Plaintiff alleges she bought the shoes after observing both "signage within the store and the price tag on the shoes," advertising that the shoes were 70% off their original price of $49.94. (*Id.*) Specifically, the shoe's price tag, according to Plaintiff, "indicated the 'Original' or 'Market' price of the shoes was, '$49.94,'" and that Defendants "offered [the shoes] at a discount, described as: '70% off.'" (*Id.* ¶ 16.)

Plaintiff alleges that the shoes' $49.94 price was "false and misleading" because it was not "the prevailing retail price for the shoes during the three months immediately prior to [her] purchase," as mandated by California's FAL. (SAC ¶ 16.) She further contends that Defendants "fraudulently concealed from and intentionally failed to disclose . . . the truth about their advertised price and former prices." (*Id.* ¶ 19.) Without Defendants' alleged misrepresentations, Plaintiff states that she would not have purchased the shoes and suffered economic injury as a result. (*Id.* ¶ 17.) Plaintiff seeks: (1) an order certifying the class; (2) damages to herself and the proposed Class; (3) restitution and disgorgement of all profits; (4) unjust enrichment; (5) declaratory and injunctive relief; (6) an order requiring Defendants to engage in a corrective advertising campaign; and (7) attorneys' fees and costs. (*Id.* ¶ 112.)

## II.    STANDING

### A.    Legal Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim based on the court's lack of subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Article III of the Constitution confines the federal courts to adjudication of actual 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992). "[T]he core component of standing is an essential

and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560 (citation omitted). Consequently, a case that lacks Article III standing must be dismissed for a lack of subject matter jurisdiction. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2001). Because standing is essential for a federal court to have subject matter jurisdiction, the issue of standing is properly raised in a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citations omitted).

The "irreducible constitutional minimum" of Article III standing is comprised of three elements: (1) "the plaintiff must have suffered an injury in fact" which is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (quotations omitted). The party soliciting federal jurisdiction has the burden of establishing these elements. *Id.*

In a factual jurisdictional attack, the challenger provides evidence that an alleged fact in the complaint is false, thereby resulting in a lack of subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The allegations in the complaint are not presumed to be true under a factual attack, and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). However, "when 'the jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits'" of a case, then the district court's "jurisdictional finding of genuinely disputed facts is inappropriate." *Sun Valley Gasoline Inc. v. Ernst Enter. Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Jurisdictional and substantive issues are "considered

1   intertwined where . . . 'a statute provides the basis for both the subject matter

2   jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Id.*

3   (quoting *Timberland Lumber Co. v. Bank of Am.*, 549 F.2d 597, 602 (9th Cir. 1976)).

4

5   ## B.   First (UCL), Second (FAL), and Third (CLRA) Causes of Action

6   Defendants make a factual jurisdictional attack on Plaintiff's allegations in in

7   her first three causes of action in the SAC. (Defs.' Mot. 4:11-28, 5:1-3.) Defendants

8   argue that Plaintiff did not suffer any injury-in-fact, so she does not possess standing

9   to bring this case. Specifically, Defendants offer into evidence a declaration from

10  Christine Tracz, Vice President of Merchandising for NY&C outlet stores. (Tracz

11  Decl. Ex. A, ECF No. 13-2.) Ms. Tracz asserts that "the only NY&C stores located

12  in outlet malls are NY&C outlets," and NY&C did not sell the "Jute Espadrille

13  Wedges" in any San Diego outlets after August 2015. (Tracz Decl. ¶¶ 3-4.)

14  Therefore, Defendants dispute the possibility that Plaintiff actually bought the shoes

15  in question from an NY&C store because: (1) "NY&C's price tags do not resemble

16  those alleged in Plaintiff's SAC," and (2) "the Jute Espadrille Wedges did not sell in

17  NY&C's San Diego outlets at any time near the date of Plaintiff's alleged purchase."

18  (Defs.' Mot. 4:23-27.) Thus, Defendants maintain that "it is impossible that Plaintiff

19  bought the shoes as alleged." (*Id.* at 4:28.)

20  Because the issue disputed between parties is the validity of Plaintiff's

21  purchase of the shoes, which gives rise to the entirety of her claims, the Court

22  determines that it is inappropriate to resolve this factual dispute at this time. The

23  question of jurisdiction depends entirely on Plaintiff having purchased the shoes from

24  an NY&C retail store, completely intertwining jurisdictional and substantive issues.

25  As such, the Court declines to reach to issue of standing on Plaintiff's causes of

26  actions for violations of California's UCL, FAL, and CLRA.

27  //

28  //

### C.   Injunctive Relief

Plaintiff requests injunctive relief to enjoin Defendants from continuing their alleged "unlawful practices." (SAC ¶112.) In order for the Court to grant Plaintiff's request for injunctive relief, she must demonstrate a substantial likelihood that an injunction will remedy her injury. *See Lujan*, 504 U.S. at 595 (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 79 (1978)). Nowhere in Plaintiff's SAC does she allege that she is at risk of a future injury from Defendants. Defendants properly call attention to the fact that Plaintiff has neither stated "that she is likely to buy other shoes from NY&C [nor] that she continues to be misled by NY&C's pricing." (Defs.' Mot. 5:13-14); *see, e.g.*, *Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir. 2016) (holding that the district court property dismissed the plaintiff's request for injunctive relieve when the plaintiffs did not allege that they intended to purchase the defendants products in the future).

Plaintiff asserts in her opposition that courts in California's federal districts have found plaintiffs to have standing to seek injunctive relief in "company-wide false sales schemes." (Pl.'s Opp'n 5:22-26). However, there is a split among districts as to whether plaintiffs have standing to seek injunctive relief on consumer-protection claims where the plaintiff faces no threat of future harm. *Compare Henderson v. Gruma Corp.*, No. CV 10–04173 AHM (AJWx), 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011) ("If the Court were to construe Article III standing for FAL and UCL claims as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws because a plaintiff who had been injured would always be deemed to avoid the case of the injury there after[.]"), with *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM(DHB), 2014 WL 1969957, at *5 (S.D. Cal. May 13, 2013) ("[A]s important as consumer protection is, it is not within the Court's authority to carve out an exception to Article III's standing requirements to further the purpose of California consumer protection laws."). The Court agrees with what has previously been held in this

1    district. Article III's requirement that an injury is likely to be redressed by a favorable
2    decision is not met where "there is no likelihood of injury in the future [because] a
3    plaintiff has no interest in purchasing the product at issue again." *Mason*, 2014 WL
4    1969957, at *4.

5           As previously acknowledged, Plaintiff does not state in her pleadings that she
6    is likely to purchase a pair of Jute Espadrille Wedges, or any other product, from an
7    NY&C store again, and as such, she is not at risk of any future injury from
8    Defendants. Consistent with previous holdings from this district this Court finds
9    Plaintiff thus lacks standing to seek injunctive relief.

10

11          **D.     Fourth Cause of Action**

12          Plaintiff brings the Fourth Cause of Action of her SAC "under the laws of
13   California and on behalf of all other persons who have purchased merchandise in
14   states having similar laws regarding consumer fraud and deceptive trade practices."
15   (SAC ¶ 65.) For Plaintiff to have standing, she "must demonstrate standing for each
16   claim [she] seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352
17   (2006). "To demonstrate standing 'named plaintiffs who represent a class must allege
18   and show that they personally have been injured, not that injury has been suffered by
19   other, unidentified members of the class to which they belong and which they purport
20   to represent.'" *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D.
21   Cal. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 347 (1996)). If a named plaintiff
22   is "lacking for a particular state, all claims based on *that* state's laws are subject to
23   dismissal." *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D.
24   Cal. 2009) (citing *Ditropan*, 529 F. Supp. 2d at 1106-07) (emphasis in original).

25          Plaintiff is a resident of California and allegedly purchased the shoes in
26   question from a NY&C retail store in California. (SAC ¶ 10.) Although Plaintiff
27   asserts claims under the consumer-protection laws of forty other states and the
28   District of Columbia, no other plaintiffs are named in the SAC to represent claims

from these states. (*See* SAC ¶¶ 68-111.) Subsequently, Plaintiff lacks standing to bring consumer-protection claims in these forty states and District of Columbia, warranting dismissal of Plaintiff's fourth cause of action. *See, e.g.*, *Morales v. Unilever United States, Inc.*, No. 2:13–2213 WBS EFB, 2014 WL 1389613, at *4 (N.D. Cal. Apr. 9, 2014) (dismissing plaintiffs' claims for lack of standing where plaintiffs sought to represent a nationwide class for twenty-one other states where neither plaintiffs lived nor purchased defendant's products).

## III.  SUFFICIENCY OF CLAIMS

### A.  Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

//

//

//

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### 1.    Claims Sounding in Fraud

When fraud is alleged, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud" in the pleading. Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1993)). Specificity includes an account of the "time, place, and specific content of the false representations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting

*Edwards v. Marin Park Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted)). This heightened pleading standard "serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

"Irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal," federal courts will apply the Federal Rules of Civil Procedure. *Vess*, 317 F.3d at 1102 (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." *Kearns*, 567 F.3d at 1125 (citing *Vess*, 317 F.3d at 1102-05). Additionally, because Rule 9(b) applies to claims that are "grounded in fraud", Rule 9(b) applies to claims under the FAL as well. *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1114 (S.D. Cal. 2011).

## 2.    Claims under the FAL, UCL and CLRA

California's UCL prohibits unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising[.]" Cal. Bus. & Prof. Code § 17200. Unfair competition under the UCL "expressly incorporates [California's] FAL prohibition on unfair advertising as one form of unfair competition." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013). The FAL prohibition on unfair advertisings states that:

//

//

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501. "To pursue a UCL claim, [p]laintiffs are required to establish that they have suffered an injury in fact and lost money or property as a result of the unfair competition." *Rosales v. Fitflop USA, LLC*, 882 F. Supp. 2d 1168, 1174 (S.D. Cal. 2012) (Whelan, J.).

California's CLRA outlaws "unfair methods of competition and unfair or deceptive practices acts or practices undertaken by any person in a transaction intended to result . . . in the sale . . . of goods . . . to any consumer." Cal. Civ. Code § 1770. Unfair methods of competition or deceptive practices include, but are not limited to, "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(9), (13). "Similar to the standing requirement for the UCL, a CLRA action may be brought by '[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770.'" *Rosales*, 882 F. Supp. 2d at 1177 (quoting Cal. Civ. Code § 1780(a)).

To allege a claim under the UCL, FAL, and CLRA, "[p]laintiffs must allege facts showing that the advertisement in question is misleading to the reasonable consumer." *Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *3 (C.D. Cal. Feb. 23, 2016) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). "A reasonable consumer is 'the ordinary consumer acting reasonably under the circumstances.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012) (quoting *Colgan v. Letherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 682 (2006)).

**B.    Discussion**

Plaintiff fails to meet Rule 9(b)'s pleading standards requiring particularity. Plaintiff states that the regular price of the shoes, $49.94, and the discounted price of $16.17 were "false and misleading" because the retail or market price for the shoes three months before her purchase was never $49.94. (SAC ¶ 16.) Plaintiff offers this conclusory allegation only and does not provide any facts that demonstrate why or how the original retail price of $49.94 is false.

Furthermore, to decide whether to purchase the shoes or not, Plaintiff alleges that she "relied on Defendants' misrepresentations and false and deceptive advertising," which she describes only as "signage within the store and the price tag on the shoes." (*Id.* ¶¶ 15-16.) Nowhere does Plaintiff give details as to what signs she relied on, what the signs said or looked like, or where they were located. The only concrete facts Plaintiff asserts are the date she allegedly purchased the shoes, what type of shoes she bought, the shoes' former price, and the price she purchased the shoes at. (SAC ¶¶ 10 & n.1, 15.) Plaintiff does not even specify which NY&C store she visited, only that she visited an NY&C store located somewhere in San Diego. (*Id.* ¶¶ 10.) The SAC further contends that Defendants "intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising" in their "retail store" and on their "Internet website." (*Id.* ¶ 23.) Nowhere does Plaintiff allege in her SAC that she ever visited NY&C's online store or provide specific details of any online false representations.

In Plaintiff's opposition, she states that her "experience" and "an investigation conducted by her attorneys demonstrate the reality of Defendants' false pricing practices." (Pl.'s Opp'n 8:20-21.) Disturbingly, Plaintiff attaches to her opposition a declaration from her attorney Todd Carpenter who seemingly purports to be the fact and expert witness in this case.[2] (Carpenter Decl., ECF No. 14-1.) In his declaration,

---

[2] One might question who the Plaintiff is in this case, Ms. Rael or Mr. Carpenter. Mr. Carpenter would do well to consider the Professional Ethical rule that prohibits an attorney from

1 Mr. Carpenter claims he has personal knowledge that Plaintiff purchased the Jute

2 Espadrille Wedges in November 2015 from a New York & Co. retail store, and that

3 the receipt attached to his Declaration as Exhibit A is, in fact, a true and correct copy

4 of Plaintiff's receipt for this purchase. (Carpenter Decl. ¶¶ 1-3.) Mr. Carpenter further

5 asserts that he "conducted an extensive investigation" and subsequently "determined

6 that Defendant routinely and systematically discounts its products beyond the

7 permissible 90-day time period." (*Id.* ¶¶ 6-7.)

8        The Court's determination when ruling on a motion to dismiss is generally

9 limited to the plaintiff's complaint only. *See Hal Roach Studios*, 896 F.2d at 1555

10 n.19. Even if the Court takes into account the new facts presented by Mr. Carpenter,

11 his declaration does not specify a single detail of his alleged investigation. The

12 declaration is simply a restatement of the conclusory allegations that Plaintiff states

13 in her SAC.

14        Plaintiff's UCL, FAL, and CLRA claims are, therefore, legally insufficient

15 under Rule 9(b) standards for failure to plead with specificity any factual allegations

16 to support her contention that Defendants engaged in phantom markdown practices.

17        In addition to her individual and class claims under California law, Plaintiff

18 asserts a claim for "violations of the consumer protection laws on behalf of classes in

19 states with similar laws." (SAC ¶¶ 64-111.) Even if Plaintiff possessed standing to

20 bring this claim, which she does not, she fails to offer any facts supporting her

21 allegations that consumers in other states faced similar misrepresentations. She

22 merely "repeats and re-alleges the allegations contained in every preceding

23 paragraph" of the SAC. (*Id.* ¶ 64.) Because the Court determined that Plaintiff's

24 preceding claims do not meet Rule 9(b)'s standards, her fourth cause of action is

25 likewise legally insufficient and warrants dismissal.

26 //

27

28

---

being a witness in his own case. *See* Cal. Rules of Prof. Conduct, Rule 5-210.

## IV.   LEAVE TO AMEND

As a general rule, a court freely grants leave to amend a complaint that has been dismissed "when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The court may also deny amendments to the pleadings for 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants request that the Court deny Plaintiff leave to amend, for she has twice amended her complaint and "is still no closer to stating a claim than she was in her original complaint." (Defs.' Mot. 18:4-5.) Defendants also put forward the possibility that Plaintiff filed her claim in bad faith because of her continuously changing story. (*Id.* at 1:11-17.) Plaintiff asserts that the modifications as to exactly what product she purchased was due to a "scrivener's error" and was not made in bad faith. (Pl.'s Opp'n 14:24-25.) She does not provide an explanation for the confusion of whether she purchased the shoes from a retail or outlet store.

Plaintiff has twice amended her complaint regarding the where and what she purchased from Defendants. Additionally, her complaint fails to meet Rule 9(b)'s heightened pleading standards. However, this is the first time Defendants have challenged her pleadings and, moreover, the first time the Court has determined the insufficiency of her pleadings. At the moment, the Court does not find that Plaintiff's case was filed in bad faith, and because justice so requires, Plaintiff shall be given leave to amend the First, Second, and Third Causes of Action for the third time.

//

//

With respect to the Fourth Cause of Action, Plaintiff alleges she is a California resident and that she purchased Defendants' product in California. Therefore, any amendment with respect to the fourth cause of action alleging violations of forty-one other state laws is futile.

## V.  CONCLUSION & ORDER

Plaintiff alleges that Defendants engaged in fraudulent behavior, but has yet to plead facts with enough specificity to meet Rule 9(b)'s heightened pleading standards. Additionally, Plaintiff lacks standing to seek (1) injunctive relief because she does not assert that she will continue to engage in consumer activities with Defendants, and (2) her fourth cause of action because she is a California resident and purchased Defendants' product in California.

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss and dismisses the SAC in its entirety. (ECF No. 13.) However, the Court **GRANTS LEAVE TO AMEND** Plaintiff's First, Second, and Third Causes of Action only. The scope of leave to file an amended complaint is limited to amending *only* the three aforementioned causes of action in order to allege additional facts that cure the defects identified in this order. Plaintiff may not plead additional claims, add additional parties, or add allegations that are not intended to cure the specific defects the Court has noted. Should any amended complaint exceed the scope of leave to amend granted by this order, the court will strike the offending portions under Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may [act on its own to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *see also Barker v. Avila*, No. 2:09-cv-00001-GEB-JFM, 2010 WL 3171067, at *1-2 (E.D. Cal. Aug. 11, 2010) (striking an amendment to federal-law claim where the court had granted leave to amend only state-law claims). The Court **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's Fourth Cause of Action.

1        If Plaintiff chooses to file an amended complaint, she must do so no later than

2   **January 23, 2017**.

3        **IT IS SO ORDERED.**

4

5   **DATED: December 28, 2016**

6                                **Hon. Cynthia Bashant**
                             **United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28